IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, | |
| Plaintiff(s), | |
| v. | Case No. 1 cr 3-1<br>Judge Virginia M. Kendall |
| Cornell Green, | |
| Defendant(s). | |

## ORDER

The Court denies Defendant Cornell Green's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). (Dkt. No. 467).

## STATEMENT

On May 3, 2001, Green and his fourteen co-defendants were indicted by a grand jury for their respective roles in a heroin trafficking organization operating on Chicago's south side. On June 27, 2001, Green pled guilty to Count I of the indictment for conspiracy to possess with intent to distribute in excess of one kilogram of heroin in violation of 21 U.S.C. § 846. Based on the presentence investigation report, the sentencing court and parties agreed that United States Sentencing Guideline § 2D1.1(c)(1) provided the base offense level for Green's offense involving 30 kilograms or more of heroin. See PSR at 15. Though the base offense level was based on 30 kilograms or more of heroin, the PSR noted (and Green did not object) that for one "two year period alone, the defendant was accountable for the sale of more than 100 kilograms of heroin." See id. At sentencing and in its written statement of reasons, the sentencing court stated that it adopted the factual findings and Guideline application of the PSR. The sentencing court also noted at sentencing that "around 109 kilograms of heroin" were involved in the offense, "substantially more" than the 30 kilograms required for a base offense level of 38.

After considering sentencing enhancements for Green's possession of a weapon and leadership role, sentencing reductions for his timely plea, and his criminal history, the parties and the Court agreed that an offense level of 41 and a criminal history category of III applied. This calculation resulted in an advisory Guidelines range of 360 months to life incarceration. Green was ultimately sentenced to 360 months, at the low-end of the Guideline range. That sentence was later reduced to 306 months upon motion by the government based on Green's cooperation in another investigation.

Green now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c) based on the recent Guidelines amendment that generally lowered the base offense levels for narcotics offenses codified in Guideline § 2D1.1. In assessing a sentence-reduction pursuant to Section 3582(c), this Court cannot make new findings that are inconsistent with those made during the original

sentencing. United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010) (citing United States v. Woods, 581 F.3d 531, 538 (7th Cir. 2009)). In this case, the sentencing court clearly adopted the findings in the PSR and ultimately found that Green was responsible in the instant offense for at least 100 kilograms of heroin. Under the revised Guideline § 2D1.1(c)(1), accountability for 90 kilograms or more of heroin still results in a base offense level of 38. Because Green's offense level remains unchanged under the amended drug quantity Guideline, there is no basis for this Court to revisit Green's sentence and his motion to reduce sentence is denied.

Date:  12/31/2015                                            /s/ Virginia M. Kendall